UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ismail F. Amin,

      Plaintiff,

      v.

Macy's, Inc.

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 12-02528 ADM/SER

---

Nixon Ayeni, Esq., Law Office of Nixon Ayeni, Bloomington, MN, on behalf of Plaintiff.

Kerry Middleton, Esq., and Jeffrey Timmerman, Esq., Littler Mendelson, PC, Minneapolis, MN, on behalf of Defendant.

---

## I. INTRODUCTION

On November 28, 2012, the undersigned United States District Judge heard oral argument on Defendant Macy's, Inc.'s ("Macy's"), Motion to Dismiss, or, Alternatively, to Compel Arbitration [Docket No. 5]. Neither Plaintiff Ismail F. Amin nor his counsel appeared to oppose the motion. For the reasons set forth below, Defendant's motion to dismiss is granted with prejudice.

## II. BACKGROUND

On or about November 20, 2009, Macy's hired Amin to work as a retail salesperson at Macy's retail location in the Mall of America. Notice of Removal [Docket No. 1] Ex. 1 ("Complaint") ¶ 3. Amin suffered from childhood polio, and as a result is unable to stand on his left leg for long periods of time. Id. ¶¶ 2, 4. Upon the start of his employment at Macy's, Amin claims he made multiple requests for a stool to sit on to ease his leg pain. Id. ¶¶ 4-6. Amin alleges that Macy's never made this accommodation and that as a result, his leg's condition

worsened.  Id. ¶ 9.

Amin filed suit against Macy's on or about August 15, 2012, seeking lost wages and damages for medical treatment.  See id.  Macy's removed this action to federal court on October 3, 2012, and moved to dismiss on October 10, 2012.  [Docket Nos. 1, 5].  Amin did not file a response to the motion, though he did fax a response memorandum directly to the Court at 12:01 a.m. on the day of the hearing for the motion.[1]

### III.  DISCUSSION

As stated by the Court on the record at oral argument, Amin's Complaint has several facial infirmities and his response to Macy's motion is procedurally deficient.  Even assuming Amin had properly identified claims and filed his memorandum appropriately, the Court must still dismiss the Complaint as time-barred.  Macy's argues, and the Court agrees, that when liberally construed the Complaint implicates discrimination under the Americans with Disabilities Act (ADA) and the Minnesota Human Rights Act (MHRA).  Amin may also have a plausible claim under the Minnesota Worker's Compensation Act (WCA), as he alleges his leg disability worsened during his employment at Macy's.  Compl. ¶ 9.

Amin's potential ADA and MHRA claims are untimely.  Macy's terminated Amin on December 26, 2009, making this the date from which the statutes of limitation began counting. Amin had 300 days from his termination to file an ADA charge with the Equal Employment

---

[1] Although Amin filed his response improperly and in an untimely manner, the Court has considered Amin's arguments.  The Court also notes that the day before the hearing, Amin's counsel faxed a letter to the Court noting Amin's willingness to arbitrate.  In the letter, Amin's counsel also notified the Court that the parties had not satisfied the meet-and-confer requirement of Local Rule 7.1.  At the hearing, Macy's counsel indicated that the parties had conferred before the hearing, and that Amin would oppose the motion.

Opportunities Commission (EEOC).  See E.E.O.C. v. Fed. Exp. Corp., 165 F. Supp. 2d 956, 961 (D. Minn. 2001).  Amin did not do so, and then filed the Complaint in state court, without exhausting his administrative remedies under the ADA.  See Henke v. Allina Health Sys., 698 F. Supp. 2d 1115, 1123 (D. Minn. 2010) (citation omitted).  The MHRA does not require an exhaustion of administrative remedies, but its statute of limitations does impose a one year filing deadline.  Minn. Stat. § 363A.28, subd. 3 (2012).  Having filed the Complaint nearly three years after his termination, Amin does not satisfy this requirement.  To the extent Amin stated ADA or MHRA claims, these claims are time-barred.

The Court also holds that equitable tolling of the applicable statutes of limitation is inappropriate.  Amin alleges suffering "symptoms of psychosis" that caused him to "avoid people," which justifies his filing his Complaint in an untimely manner.  See Compl. ¶¶ 11-12.  The Court finds that such allegations do not satisfy the high bar set by the Eighth Circuit Court of Appeals for tolling due to mental illness.  See, e.g., Wilkie v. Dep't of Health & Human Servs., 638 F.3d 944, 950 (8th Cir. 2011).  In Wilkie, the court held that "a plaintiff seeking tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him from understanding and managing his affairs generally and from complying with the deadline he seeks to toll."  Id. (internal quotation omitted).  Amin alleges no such incapacity.

Finally, Macy's is correct that the WCA is the sole remedy for injuries arising out of and in the course of employment.  See, e.g., Parker v. Tharp, 409 N.W.2d 915, 916-17 (Minn. Ct. App. 1987).  Whether Amin has a viable WCA claim is not within the Court's jurisdiction, and must be pursued with the Department of Labor and Industry.  See, e.g., Klaahsen v.

APCOA/Standard Parking, Inc., No. 02-620, 2002 WL 1397041, at * 4-5 (D. Minn. June 26, 2002).

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss [Docket No. 5] is **GRANTED**;

2. All claims alleged in the Complaint are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 28, 2012.